STATE OF MINNESOTA v. MERCHANTS' BANK OF LAKE CITY and Others.[1]

April 21, 1897.

Nos. 10.335–10,336–10,837–10,838—(12–13–14–15).[2]

**Bank—Forfeiture of Charter—Action by Attorney General.**

The attorney general brought this action to forfeit the charter of a bank organized under the laws of this state, for failing to comply with the laws of this state, as required by G. S. 1894, §§ 2525, 2528. Thereafter, and before judgment therein, a creditor, with the consent of the attorney general, and with leave of court, intervened in the action, filed a complaint in intervention, and brought in the stockholders as defendants, for the purpose of enforcing their double liability. *Held*, the original action was brought under G. S. 1894, §§ 5900–5902 (contained in chapter 76), as well as under section 2525, and the provisions of chapter 76 apply to the action.

**Same—Liability of Stockholders—Enforcement.**

*Held*, further, the legislative intent, as expressed in sections 5903 and 5904, is to permit the attorney general to proceed to judgment of forfeiture in his action without being embarrassed or delayed by the additional litigation necessary to enforce the stockholders' liability; but this does not entitle the stockholders to immunity from such litigation during the pendency of the attorney general's action, and a creditor may, during such pendency, proceed by a separate action to enforce such liability under section 5905, or he may, with the consent of the attorney general, and by leave of the court, intervene in the attorney general's action, and proceed therein to enforce such liability, as was done in this case.

Action by the state against the Merchants' Bank of Lake City to forfeit its charter. Herman B. Kennebeck intervened, and filed a cross complaint, bringing in the stockholders of the bank, for the purpose of enforcing their double liability. Josephine Rogers Sidle, Alice

1 Reported in 70 N. W. 803.        2 April, 1897, term.

R. Rogers, individually and as executrix, and the Security Trust Company, as trustee, defendant stockholders, demurred to the cross complaint on the ground that it did not state facts sufficient to constitute a cause of action against them, and from an order of the district court for Wabasha county, Gould, J., overruling the demurrers, they appeal. Affirmed.

*Douglas A. Fiske* and *John A. Young*, for appellants.

The question whether a simple contract creditor can intervene in an action to annul a charter brought by the attorney general in behalf of the state under sections 12 and 13 of chapter 76, and make the stockholders parties defendant for the purpose of enforcing their liability, when no decree has been entered annulling the charter, is before the court for the first time.

G. S. 1866, c. 76, §§ 12, 13, 14, 15, 16, are limited in their operation to moneyed corporations of the kind described in section 12. Minneapolis Paper Co. v. Swinburne, 66 Minn. 378, 69 N. W. 144; American S. & L. A. v. Farmers' & M. S. B., 65 Minn. 139, 67 N. W. 800. These sections do not authorize the proceeding begun by the intervenor. Section 16 defines the remedy of a creditor to enforce the statutory liability of the stockholders, and makes the entry of a decree in the main action to annul the charter a condition precedent to such a proceeding. The statute having prescribed the terms upon which a creditor can intervene, those terms must be complied with, and the court cannot enlarge their scope. Sutherland, St. Const. § 238.

*George H. Selover*, for intervenor respondent.

CANTY, J. The defendant bank is a corporation organized under the laws of this state. In February, 1895, the attorney general brought this action to have the bank's charter declared forfeited, and for the appointment of a receiver for it, alleging in his complaint, as a ground therefor, that the president of the bank was indebted to it in a specified sum, greatly in excess of 15 per cent. of the aggregate amount of its capital stock; that the public examiner demanded that it cause said indebtedness to be reduced down to said 15 per cent. limit; that said demand was never complied with, and after the lapse of 90 days thereafter the examiner made a demand in writing upon the attorney general to commence this action. G. S. 1894, §§ 2525, 2528.

At the commencement of the action the court, on the ex parte motion of the attorney general, appointed a receiver, and by a subsequent order confirmed this appointment. The receiver qualified and entered upon his duties. Thereupon, pursuant to G. S. 1894, § 5911, an order was made and published for creditors to exhibit their claims and become parties to the action. Claims were filed aggregating $140,000. Thereupon the intervenor, a creditor of the bank, with the consent of the attorney general and with leave of court, filed a cross bill, or complaint in intervention, alleging that the corporation is insolvent, and brought in the stockholders as defendants for the purpose of enforcing their statutory or double liability. Several of the stockholder defendants demurred to the cross bill on the ground that it does not state facts sufficient to constitute a cause of action against them. The demurrers were overruled, and they appeal.

1. Appellants' first point is that the action was brought by the attorney general, not under G. S. 1894, c. 76, but under section 2525, and that, the action not being brought under chapter 76, the provisions of that chapter for enforcing the stockholders' double liability do not apply, and do not authorize the injecting of a wholly new and different controversy into the action. The point is without merit. The action is as much and as fully authorized by sections 5900–5902, found in chapter 76, as it is by said section 2525.

2. Appellants' next point is that in an action brought by the attorney general, under said sections 5900–5902, to forfeit the charter of a bank, a creditor cannot, under the provisions of said chapter 76, proceed to enforce the stockholders' liability until after judgment in the action; and, as no judgment has yet been entered in this action, the demurrer should be sustained. The next two sections of chapter 76 read as follows:

"Sec. 5903. If such application is made by a creditor of any corporation whose directors or stockholders are made liable by law for the payment of such debts, in any event or contingency, such debtors [directors] or stockholders, or any of them, may be made parties to the action, either at the time of filing the complaint, or in any subsequent stage of the proceedings, whenever it becomes necessary to enforce such liability.

"Sec. 5904. If any creditor of a corporation desires to make such directors or stockholders parties to the action, after a judgment therein against the corporation, he may do so, on filing a supplemental complaint against them founded upon such judgment; and if such decree

was rendered in a proceeding instituted by the attorney general, such creditor may, on his application, be made complainant therein, and may, in like manner, make the directors and stockholders sought to be charged, defendants in such action."

It will be observed that section 5903 authorizes a creditor to proceed to enforce the stockholders' liability only when the original application was made by a creditor, while section 5904 authorizes a creditor, after judgment, to enforce such liability, whether the action was commenced by a creditor or by the attorney general, and adds:

"If such decree was rendered in a proceeding instituted by the attorney general, such creditor may, on his application, be made complainant therein, and may, in like manner, make the directors and stockholders sought to be charged, defendants in such action."

Evidently the legislative intent is to permit the attorney general to proceed to judgment of forfeiture without being embarrassed or delayed by the additional litigation necessary to enforce the stockholders' liability. But this does not entitle the stockholders to immunity from such litigation during the time the attorney general's suit is pending. The creditor may proceed to enforce such liability under section 5905, which reads as follows:

"Whenever any creditor of a corporation seeks to charge the directors, trustees, or other superintending officers of such corporation, or the stockholders thereof, on account of any liability created by law, he may file his complaint for that purpose, in any district court which possesses jurisdiction to enforce such liability."

Again, under sections 5900 and 5901, the action for forfeiture of the charter may be instituted by a creditor as well as by the attorney general, and, if the former brings the action, he or some other creditor may proceed therein, before judgment, to enforce the stockholders' liability. It can make no difference to the stockholders whether their liability is enforced in a suit brought by a creditor, or in one brought by the attorney general. From all of these considerations, we are of the opinion that it was for the purpose of protecting the attorney general from embarrassment and delay in his suit, and not for the purpose of giving any immunity to the stockholders during the pendency of that suit, that the legislature withheld from the creditor the right to proceed to enforce the stockholders' liability in that suit until after judgment therein.

If, during the pendency of the attorney general's suit, a creditor had commenced a separate supplemental action, under section 5905, to enforce the stockholders' liability, the two actions could, in the discretion of the court, and with the consent of the attorney general, be consolidated, notwithstanding the objections of the defendant stockholders. If the two actions may be thus consolidated with the attorney general's consent, why, with his consent, may not the creditor's action be brought in the attorney general's action, and as a part of the same? We see no reason why. Then we are of the opinion that the intervenor's complaint was properly allowed, and is not demurrable. Respondent has raised no question as to whether or not, on the ground of demurrer stated, the points raised on the argument could be considered, and we will not pass on that question.

Order affirmed.